[No. A031780. First Dist., Div. One. Aug. 14, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH A. WATKINS, Defendant and Appellant.

**COUNSEL**

Michael M. Sims, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ann K. Jensen and Michael I. Mintz, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, Acting P. J.**—Defendant Joseph A. Watkins (Watkins) was found guilty by a jury's verdicts of two counts of arson (Pen. Code, § 451, subd. (d)), and was thereafter placed on probation. He has appealed from the order granting probation.

An ongoing feud had existed between Watkins and his next-door neighbors (the neighbors) for more than 20 years. It centered around a boundary dispute, and it eventuated in Watkins's conviction of destroying by "torches" the neighbors' two automobiles. No contention is made by Watkins that his convictions were unsupported by substantial evidence.

On his appeal Watkins challenges only the probation conditions imposed upon him. We accordingly point out the apposite rules.

■■■ " 'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . .["]' [¶] There is, of course, no question that the condition imposed in this case infringes the exercise of a fundamental right . . . protected by both the federal and state constitutions. . . . Nor is there any question that for this reason the condition must be subjected to special scrutiny to determine whether the restriction is entirely necessary to serve the dual purposes of rehabilitation and public safety. . . . ' "Where a condition of probation requires a waiver of precious constitutional rights, the condition must be narrowly drawn; to the extent it is overbroad it is *not* reasonably related to the compelling state interest in reformation and rehabilitation and is an unconstitutional restriction on the exercise of fundamental constitutional rights.". . .' " (*People* v. *Pointer* (1984) 151 Cal.App.3d 1128, 1138, 1139 [199 Cal.Rptr. 357].)

■ We observe no *fundamental right* of one convicted of crime to be free from reasonable conditions of probation. The issue before us is whether the challenged conditions were reasonable.

██ A contention of the appeal is that: "The trial court committed reversible error when it banished Mr. Watkins from his home as a condition of probation."

On Watkins's sentencing, or probation hearing, apart from the details of the crimes of which he stood convicted, the court had before it information that over the years 14 incidents, probably concerning Watkins, had been reported to the police. They related to threats by Watkins with an axe against the neighbors' son, rocks being thrown through the neighbors' windows, a "caustic substance" being poured over their automobile, their daughter being shoved by Watkins, and tire slashings upon, and lamp black being thrown into, their automobile. As to some of the incidents, the perpetrator was then unknown, but with Watkins's conviction the court might reasonably have concluded that he was the perpetrator. And about a year before the instant crimes, a van of the neighbors had been maliciously set afire. Another neighbor had reported seeing his seven-year-old daughter being grabbed by Watkins "on her rear end." Yet another neighbor had reported to the court: "We feel that he is dangerous because we don't know what he will do next."

The claimed *"banishment"* of Watkins was his probation's condition that he "not go at or near the real property [of his home] for any purpose."

We recognize that a requirement that a probationer may not go near his home seems extremely harsh. But homes in our society may readily be sold or rented.* And the trial court was available to Watkins for modification of the probation order for aid in such a disposition. It must have been obvious to the trial court that were Watkins to continue living next door to the neighbors, further crimes and violence would inevitably occur. And surely the victims of his crimes could not reasonably be expected to move under the circumstances.

We conclude that the challenged probation condition, although severe, (1) had a relationship to the crimes of which the offender was convicted, (2) that it related to future conduct not in itself criminal, and (3) that it required future conduct reasonably related to probable future criminality. (See *People* v. *Pointer, supra,* 151 Cal.App.3d at 1138 [199 Cal.Rptr. 357].)

Applying the "special scrutiny" standard to the probation condition, we hold that it was valid.

---

* We are advised that Watkins's home has now been sold.

■ The remaining contention of Watkins's appeal is that: "The trial court committed reversible error when it deprived Mr. Watkins of his constitutional right to be free from warrantless searches and seizures as a condition of probation."

A supporting argument is that: The condition "was applied to Mr. Watkins in a semi-automatic *pro forma* manner, without any consideration of its applicability to his particular case."

We do not find it to have been so applied. Watkins's convictions had established his propensity for possessing torches and materials for their construction. The search condition reasonably complied with the criteria of *People* v. *Pointer, supra,* 151 Cal.App.3d at 1138. It was accordingly not improper.

The order granting probation is affirmed.

Newsom, J., and Rushing, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied November 12, 1987. Mosk, J., was of the opinion that the petition should be granted.

---

* Assigned by the Chairperson of the Judicial Council.