582 So.2d 425 (1991)
James McCREARY
v.
STATE of Mississippi.
No. 89-KP-0980.
Supreme Court of Mississippi.
June 26, 1991.
James McCreary, pro se.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PITTMAN and BANKS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:

I.
McCreary, an inmate at Parchman, appeals in forma pauperis the trial court's denial of his motion for post-conviction relief filed under the "Mississippi Uniform Post-Conviction Collateral Relief Act," Miss. Code Ann. § 99-39-1 et seq. (Supp. 1990). McCreary waived indictment and plead guilty to an information charging *426 him with the crime of rape. He now collaterally attacks that plea on two grounds:
1) The plea was not knowingly and voluntarily made; and
2) He was denied effective assistance of counsel demonstrated in the illegal plea agreement and sentence.
On June 12, 1989, the trial court summarily dismissed the motion because it did not "comply with the Uniform Circuit Court Rules of Criminal Practice [sic]." From that Order, McCreary prosecutes this appeal.

II.
On May 9, 1988, McCreary entered a guilty plea to an information charging him with rape. The judgment of the Circuit Court contained the following pertinent language:
[T]he sentence of James McCreary be, and it is hereby taken under advisement by the court from day to day and term to term and while said sentence is under advisement, the defendant shall:
1) Leave the State of Mississippi, he, the said James McCreary, being authorized to re-enter the State of Mississippi for the purpose of exercising his visitation rights with his natural children, during the first week of July, and during the week in December in which Christmas Day falls;
2) That he commit no crime against this State or any other State or of the United States.
It is further ordered and adjudged that while this sentence is under advisement, that he have no contact whatsoever or cause to be contacted [sic] the victim, Sarah Jones, or her family.
It is hereby noted that if the defendant successfully completes all the requirements dictated by this court while the sentence is under advisement from day to day and term to term, for a period not to exceed two years, that at some future time to be considered by this Court that [sic] this matter will be finally disposed of as a misdemeanor.
On May 31, 1988, the trial judge entered an "Order Imposing Sentence" which found McCreary to be in violation of certain conditions and imposed a sentence of twenty (20) years in the Mississippi Department of Corrections. That order imposing sentence found specifically that McCreary has been in the State of Mississippi "on or about the 14th day of May, 1988," and that he was present in this State at the "place of employment of the victim," both in violation of the court's earlier order.

III.
McCreary properly requested a transcript of the proceeding; however, that before us does not contain the plea qualification or the hearing resulting in the imposition of the twenty year sentence. The court reporter, in a letter to the clerk, states there was likewise no record of the June 12, 1989, hearing on McCreary's PCR motion.
We take this opportunity to reiterate that the ends of justice are more efficiently served when a full record of each stage of the criminal process is preserved and available for review, although we caution to add that it is not always necessary to include everything as part of the record, so long as each and every stage of the criminal process is preserved and available. See Gibson v. State, 580 So.2d 739 (Miss. 1991); Garlotte v. State, 530 So.2d 693, 694 (Miss. 1988).
Here we must decide if the trial court erred in summarily dismissing McCreary's motion for post-conviction relief. Clearly, if McCreary's plea of guilty is coerced or otherwise involuntary, a judgment of conviction is subject to collateral attack. Vittitoe v. State, 556 So.2d 1062 (Miss. 1990); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). And because McCreary is proceeding pro se, his inartfully drafted pleadings will not be held to defeat a meritorious complaint. Moore v. Ruth, 556 So.2d 1059, 1061 (Miss. 1990); Sanders v. State, 440 So.2d 278, 283 (Miss. 1983).
*427 On the record and the pleadings, we cannot safely conclude that McCreary will be unable to show that his guilty plea was unknowing and involuntary. McCreary presented in sworn form certain factual and conclusory allegations sufficient to pass the pleadings test of the Post-Conviction Relief Act. Miss. Code Ann. § 99-39-9 (Supp. 1990). Accordingly, the circuit court was in error to summarily dismiss McCreary's motion for post-conviction relief.
Another matter of moment appears quite conspicuously, that is, the lower court's disposition of the case following the entry by McCreary of a guilty plea. The circuit court purported to take the sentence under advisement and impose certain probation-like conditions on McCreary for an unspecified period not to exceed two years. If McCreary had successfully completed his "probation" then according to the lower court it was obliged at its leisure to dispose of this felony rape case as a misdemeanor.
Although the lower court is not at all clear under what authority it proceeds, we can readily conclude that Miss. Code Ann. § 99-15-26 (Supp. 1990) is not applicable. That section allows a practice not unlike that utilized in the lower court. It provides that the circuit court may withhold acceptance of a guilty plea pending completion of certain specified probation-like conditions. Upon successful completion of the court-imposed conditions, the case would then be dismissed.
However, section 99-15-26 does not apply in cases involving crimes against the person. Furthermore, banishment from the State is not one of the authorized conditions which may be imposed.
The only other authority, of which we are aware, is found in Miss. Code Ann. §§ 47-7-33, -35 (1972 and Supp. 1990). Under those sections, a circuit court may in certain circumstances suspend sentence and place a defendant on probation. Again, however, we have no indication from the circuit court that it was proceeding under this authority, and, given the insufficient record, we will not presume so and legitimate those actions.
Of particular concern is the court's requirement that McCreary leave the State of Mississippi and return only twice a year for the purpose of exercising visitation rights with his children. Under section 47-7-35, the terms and conditions of probation may include a requirement that the defendant "remain within a specified area." We have held this to authorize a court to require a defendant to "remain 125 miles from Stone County" for a period of five years. Cobb v. State, 437 So.2d 1218 (Miss. 1983).
In Cobb, the Court satisfied itself from the record that the banishment provision bore a reasonable relationship to the purpose of probation; that the ends of justice and the best interest of the defendant and the public would be served; that public policy was not violated and the rehabilitative purpose of probation was not defeated; and that Cobb's rights under the First, Fifth and Fourteenth Amendments to the United States Constitution were not violated. 437 So.2d at 1219-21; see also Wyche v. State, 197 Ga. App. 148, 397 S.E.2d 738 (Ga.Ct.App. 1990) (banishment condition must serve some rehabilitative function); Kerr v. State, 193 Ga. App. 165, 387 S.E.2d 355 (Ga.Ct.App. 1989) (same); People v. Pickens, 186 Ill. App.3d 456, 134 Ill.Dec. 746, 542 N.E.2d 1253 (Ill. App.Ct. 1989) (banishment provision must bear reasonable relation to offense, provided defendant may apply for permission to enter prohibited area for legitimate reasons); U.S. v. Cothran, 855 F.2d 749 (11th Cir.1988) (banishment provision must bear reasonable relation to offense and rehabilitation); Markley v. State, 507 So.2d 1043 (Ala. Crim. App. 1987) (test is whether the conditions, including any geographic restrictions, are designed to meet the ends of rehabilitation and protect the public); People v. Watkins, 193 Cal. App.3d 1686, 239 Cal. Rptr. 255 (Cal.Ct.App. 1987) (same); U.S. v. Abushaar, 761 F.2d 954 (3d Cir.1985) (same); State v. Morgan, 389 So.2d 364 (La. 1980) (same).
In considering the overall sentence, and the banishment provision in particular, we direct the circuit court's attention to the considerations just noted, and to our view *428 that banishment from a large geographical area, especially outside of the State, struggles to serve any rehabilitative purpose, and implicates serious public policy questions against the dumping of convicts on another jurisdiction. See U.S. v. Abushaar, 761 F.2d at 959-60; Rutherford v. Blankenship, 468 F. Supp. 1357, 1360-61 (W.D.Va. 1979).

IV.
We hold that this cause should be, and is, reversed and remanded to the active docket of the Circuit Court of Forrest County for proceedings not inconsistent with this opinion.
LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.