ISHEE, J.,
 

 for the Court:
 

 ¶ 1. Dennis Bell, appearing pro se, appeals the Circuit Court of Pike County’s dismissal of his motion for post-conviction relief. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On September 16, 2005, Bell pleaded guilty to aggravated assault. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with credit for six months already served and the remaining nineteen and one-half years of the sentence suspended. Bell was placed on post-release supervision (PRS), with a condition that he remain at least ninety miles outside of Pike County except to testify for the State if needed. Thereafter, Bell violated his probation when he failed to report to his probation officer. Bell also failed to remain at least ninety miles outside of Pike County. Consequently, on December 13, 2007, Bell’s probation was revoked.
 

 ¶3. In June 2008, Bell filed several pleadings with the Pike County Circuit Court that were treated collectively as a motion for post-conviction relief and summarily dismissed. Bell appeals this judgment.
 
 [1]
 

 STANDARD OF REVIEW
 

 ¶ 4. This Court will not disturb a trial court’s dismissal of a motion for post-conviction relief unless the decision is clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). Questions of law are reviewed de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 5. Bell argues that his PRS was unlawfully revoked. However, Bell admits that he did not report to his probation officer, and he did not remain ninety miles outside of Pike County as he was required to do by the terms of his PRS. Bell asserts that his PRS was revoked because he was a victim of a shooting incident. While Bell was in fact a victim of a shooting incident, he was shot while inside Pike County. The very act of Bell being inside Pike County was a material violation of the terms and conditions of his PRS.
 

 ¶ 6. In Bell’s motion to the circuit court, he made requests for records and transcripts related to his conviction for the purposes of appealing his case and pursuing post-conviction relief. However, the record reflects that Bell pleaded guilty to aggravated assault; therefore, he gave up his right to appeal. Pursuant to Mississippi Code Annotated section 99-35-101 (Supp.2009), “any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.”
 

 ¶ 7. Accordingly, we find that the circuit court’s dismissal of Bell’s motion for post-conviction relief proper.
 

 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DIS
 
 *1069
 
 MISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES AND CARLTON, JJ., CONCUR. ROBERTS AND MAXWELL, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . Bell makes no claim that his PRS was unlawful due to the circuit court’s requirement that he remain at least ninety miles outside of Pike County.
 
 See Mackey v. State,
 
 37 So.3d 1161 (Miss.2010). Therefore, we do not address that issue.