# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 30, 2011

Lyle W. Cayce
Clerk

No. 11-60165
Summary Calendar

RONNIE FANTAE MACKEY,

Plaintiff-Appellant

v.

JUDGE ROBERT B. HELFRICH; ASSISTANT DISTRICT ATTORNEY
PATRICIA BURCHELL; FORREST COUNTY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:10-CV-172

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronnie Fantae Mackey appeals the dismissal, for failure to state a claim upon which relief may be granted, of his 42 U.S.C. § 1983 complaint against Judge Robert Helfrich, Assistant District Attorney Patricia Burchell, and Forrest County, Mississippi. We affirm.

After Mackey pleaded guilty to transfer of a controlled substance, Judge Helfrich sentenced him, on the in-court recommendation of Burchell, to a 30-year

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison term that was suspended subject to Mackey's leaving Hattiesburg, Mississippi, within 48 hours and remaining at least 100 miles from it for 30 years. Mackey was arrested in Hattiesburg six days later for violating the banishment order. Judge Helfrich then revoked the suspension of the sentence and ordered Mackey imprisoned for the full 30-year term. The Supreme Court of Mississippi granted Mackey postconviction relief, reversing the order that had revoked his suspended sentence. The state supreme court concluded that a banishment order could not properly rest on "a woefully inadequate factual basis" that was devoid of "any scrap of evidence" justifying it, as Mackey's did. Mackey's § 1983 complaint alleged that the defendants had violated his constitutional rights by having him arrested and revoking his suspended sentence and by thereafter imprisoning him for 39 months until the state supreme court ordered his release.

We review de novo the dismissal of a complaint for failure to state a claim under § 1915(e)(2). *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). That standard, which is applicable also to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6), accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). To survive, the complaint "must state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted). Courts need not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950. (internal quotation marks and citation omitted).

Judicial officers are entitled to absolute immunity from damages in § 1983 actions arising from the exercise of their judicial functions. *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). A plaintiff may overcome this immunity bar by showing that the disputed acts were not judicial in nature or, if judicial in nature, were performed in the complete absence of all jurisdiction. *Id.* at 285. Only in the clear absence of jurisdiction will "[a] judge . . . be deprived of

immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judge Helfrich is entitled to absolute immunity because his actions in imposing the suspended sentence and then revoking the suspension were within his judicial functions and within the scope of his jurisdiction. *See Boyd*, 31 F.3d at 284-85; *see also Mackey*, 37 So. 3d at 1163.  Additionally, Burchell is absolutely immune from liability for the performance of her prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976) ; *see also Boyd*, 31 F.3d at 284-85.  Mackey fails to allege that Burchell's acts were not prosecutorial in nature and were therefore not shielded by immunity. *See Imbler*, 424 U.S. at 430-31.  The district court did not err in its determination that Helfrich and Burchell were entitled to absolute immunity. *See Boyd*, 31 F.3d at 284-85.

Municipal liability under § 1983 may be predicated on decisions made by those with power to make policy for the municipality. *Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986).  A county judge acting in his judicial capacity to enforce state law does not act as a municipal official or lawmaker. *Johnson v. Moore*, 958 F.2d 92, 93-94 (5th Cir. 1992).  Only with respect to actions taken pursuant to his administrative role can a judge be said to institute municipal policy.  As already noted, Judge Helfrich acted within the exercise of his judicial functions in imposing the suspended sentence and in later revoking it and was therefore not acting as a municipal policymaker. *See Johnson*, 958 F.2d at 93-94.  And to the extent that Mackey contends that the county is liable because its board of supervisors ignored the county court's violation of individuals' constitutional rights, the claim fails of its own conclusory weight, being unsupported by any allegations of facts that would show that the county supervisors were ever aware of any such alleged violations. *See Iqbal*, 129 S. Ct. at 1950.  The district court did not err in determining that the complaint failed to state a claim against Forrest County. *See id.*

AFFIRMED.