CARLTON, J.,
dissenting:
¶ 11. I respectfully dissent from the majority’s opinion. I would affirm the circuit court’s decision.
¶ 12. James Ratcliff pled guilty in 2006, and his sentence included a banishment clause specifying the limited area of banishment as the counties in that judicial district: Forrest, Perry, and Lamar Counties in Mississippi.[1] The order also specified the time period for the banishment as the entirety of his suspended sentence. Ratcliff raised no objection to his sentence at the time of sentencing.
¶ 13. In this case, the circuit court considered the factors required to support the banishment provision as provided by Cobb v. State, 437 So.2d 1218, 1220-21 (Miss.1983). See also McCreary v. State, 582 So.2d 425, 427 (Miss.1991). However, the circuit court did not include on-the-record factual findings of its analysis of the correlation of the Cobb factors as required by Mackey v. State, 37 So.3d 1161, 1167 (¶ 23) (Miss.2010).[2] Ratcliff pled guilty in 2006; however, Mackey did not establish the factual-basis requirement until 2010.[3] I re *1062 spectfully submit that the factual-basis requirement as a procedural safeguard, which was set forth in Mackey, should not be applied retroactively in this particular case since the banishment was limited to a defined geographical area and specified time. Also, Ratcliff pled guilty, raising no objection to his sentence when it was imposed.
¶ 14. In conclusion, Ratcliff has failed to show that he suffered a violation of any constitutionally protected right or that public policy was violated by the limited banishment where the circuit court acknowledged consideration of the Cobb factors.[4]

. In McCreary v. State, 582 So.2d 425, 427-28 (Miss.1991), the Mississippi Supreme Court established that banishment from the entire state violated public policy. See Miss.Code Ann. § 47-7-35(l)(g) (Rev.2011).

. See Owens v. Kelley, 681 F.2d 1362, 1370 (11th Cir.1982) (acknowledging condition of probation not invalid because the condition affects a protected constitutional right).

. See Means v. State, 43 So.3d 438, 444 (¶ 20) (Miss.2010) (recognizing that only recently *1062 the supreme court imposed the affirmative duty to analyze the Cobb factors on the record).

. Compare the facts of this case with Watts v. Brewer, No. 2:09cv122-KS-MTP, 2012 WL 1301261, at *6-8 (S.D.Miss. Mar.16, 2012).