BARNES, J., for the Court:
¶ 1. Thomas Holder pleaded guilty to the fondling of a child. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with credit for time served and the remainder of the sentence to be suspended upon completion of certain conditions, including registration as a sex offender. Holder was also required to reside at least one hundred miles from the Forrest County Courthouse and to pay a $2,500 fine, restitution, and court costs. After it was discovered that Holder had provided an incorrect address on his sex-offender-reg *886 istry form, his suspended sentence was revoked. Holder filed a motion for post-conviction relief (PCR), which the circuit court denied. On appeal, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 20, 2008, Holder pleaded guilty to fondling in violation of Mississippi Code Annotated section 97-5-23 (Rev.2006). He was sentenced to fifteen years in the custody of the MDOC, with credit for time served and the remainder to be suspended upon compliance with certain conditions. Two of the conditions were: (1) that Holder was to “[immediately register as a sex offender in [the] state and county of his domicile” and any subsequent domicile; and (2) that he was to “[d]epart from Hattiesburg, Mississippi[,] within twenty-four (24) hours of his release from custody and remain outside a radius or distance of one hundred (100) miles from the Forrest County Courthouse situated in Hattiesburg, Mississippi, for the entire period of his suspended sentence.”
¶ 3. Holder, upon release from county jail two days later, informed the probation officer in Forrest County that he was returning to Alcorn County, Mississippi. Holder then traveled to Alcorn County by bus. The following Monday morning, Holder reported to the office of the Alcorn County Sheriffs Department; however, there was no probation officer in the office. Holder was told to return the folio-wing day, and he gave his former address to the woman at the sheriffs department’s office. Holder was allegedly staying in a motel at the time. Holder returned the next day, and upon investigation, it was discovered that he had provided an incorrect address on his sex-offender-registry form. Holder was placed in custody on December 1, 2008, and the State filed a petition to revoke Holder’s sentence, noting that he was in violation of Mississippi Code Annotated section 45-33-33(l)(a) (Rev.2011).[1]
¶ 4. A revocation hearing was held on January 16, 2009, in Forrest County Circuit Court. Holder claimed that at the time he filled out the sex-offender-registry form, he had not been taking his prescribed medication for neuropathy, diabetes, and cholesterol; therefore, he was sick and not “in [his] right mind.” He admitted that he told the sheriffs department the false address was his current address because it “was the only address [he] had.” The State responded that the Alcorn County Sheriffs Department had investigated all the addresses given to them by Holder, and none of them were valid:
Your Honor, it’s our understanding from speaking with Alcorn County Sheriffs Department that [Holder] not only gave the wrong address but when they went to verify the address, he had not lived there for more than three years prior to the time he was arrested in Forrest County.
[[Image here]]
That he then gave the address of the hotel, and they called and were able to verify that he was, in fact, not living *887 there; someone else lived there and had been living there.
He then told them that he had rented the motel room by the week. They called to verify that. He had only paid up through that day. He had not paid up through the week.
They went back in to find out why he had given the wrong address, and his reasoning was that he didn’t want to tell them he was living in a hotel; that he was aware he no longer lived at that address and that he no longer had an apartment at that address.
The circuit court found that Holder had violated the terms of his suspended sentence, and he was remanded into the custody of the MDOC to serve the remainder of his sentence.
¶ 5. Holder filed a PCR motion on April 12, 2011, alleging: (1) he received ineffective assistance of counsel at his plea hearing, and (2) he should have been provided counsel for his revocation hearing. The circuit court denied the motion, and Holder now appeals. Finding no error, we affirm the circuit court’s denial of the PCR motion.
STANDARD OF REVIEW
¶ 6. “This Court reviews a circuit court’s denial of a PCR motion under the clearly-erroneous standard of review.” Swilley v. State, 93 So.3d 901, 903-04 (¶ 7) (Miss.Ct.App.2012) (citing Holloway v. State, 31 So.3d 656, 657 (¶ 5) (Miss.Ct.App.2010)). Questions of law, however, are reviewed de novo. Id.
DISCUSSION
I. Whether Holder received ineffective assistance of counsel at his plea hearing.
¶ 7. Holder claims that defense counsel should have informed the court that he was mentally and physically disabled and that he was unable to work to pay for the fine and court fees. Specifically, Holder claims that he is “bipolar” and “schizophrenic.” He further alleges that counsel’s failure to inform the court that Holder did not have a legitimate address to return to resulted in prejudice to him. Holder also argues that counsel failed to inform him of the minimum sentence of two years and, had he known of the minimum sentence, he would not have accepted the fifteen-year suspended sentence.
¶ 8. Entry of a guilty plea “waives claims of ineffective assistance of counsel ‘except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.’ ” Adams v. State, 117 So.3d 674, 677 (¶ 10) (Miss.Ct.App.2013) (quoting Hill v. State, 60 So.3d 824, 827 (¶ 6) (Miss.Ct.App.2011)). In the context of a plea bargain, a claim of ineffective assistance of counsel is governed by the two-part test in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) whether counsel’s performance was deficient; and if so, (2) whether the deficiency resulted in prejudice to the defendant. Adams, 117 So.3d at 677 (¶ 10).
¶ 9. Holder provides no evidence, except his own assertions, that he received ineffective assistance of counsel. “[Mjere allegations are insufficient to entitle a defendant to an evidentiary hearing on a post-conviction claim of ineffective assistance of counsel.” Ealey v. State, 967 So.2d 685, 691 (¶ 18) (Miss.Ct.App.2007) (citation omitted). There is nothing to indicate that Holder informed his counsel at the plea hearing that he had no permanent address. Further, while his guilty-plea petition did state that he was bipolar and schizophrenic, he told the circuit court at his hearing that he understood the petition *888 and stated that everything in the petition was true and correct.[2]
¶ 10. In regard to sentencing, the signed petition stated that Holder understood he could be sentenced to a term of “0 years (minimum) to 15 years (maximum).” The State concedes that the minimum sentence stated in the petition is “incorrect.” However, the failure to make a defendant aware of the mandatory minimum sentence at the time of his plea “may be harmless error if the defendant was correctly informed by another source or ‘if [it] appears beyond a reasonable doubt that the plea would have been entered anyway.’ ” Johnson v. State, 39 So.3d 14, 19 (¶ 7) (Miss.Ct.App.2010) (quoting Dockens v. State, 879 So.2d 1072, 1075 (¶ 6) (Miss.Ct.App.2004)). While the minimum sentence is indeed two years rather than zero years, Holder suffered no prejudice from this clerical error on his petition. Holder was informed at the hearing that the State had recommended he receive a fifteen-year suspended sentence. The circuit court asked Holder if he understood “the minimum and maximum sentences that could be enrolled on this plea” and that he could receive up to fifteen years. Holder responded affirmatively. It is not clear from the record whether Holder was informed that the minimum sentence was two years. But since the minimum sentence stated in the petition was actually less than two years, we find nothing to support Holder’s claim that had counsel told him the minimum sentence was two years, rather than zero years, he would not have “accepted” the fifteen-year suspended sentence. It is evident that Holder accepted the plea offered by the State because he knew that it would result in his immediate release from custody.
¶ 11. Thus, Holder has failed to show that, but for counsel’s performance, he would not have entered a voluntary guilty plea. Additionally, Holder told the circuit judge that he was satisfied with his attorney’s services. We find Holder’s claim that his counsel was ineffective at his plea hearing is without merit.
II. Whether the failure to appoint counsel to represent Holder at his revocation hearing violated his state and federal constitutional rights.
¶ 12. Holder argues that he should have been appointed counsel for the hearing regarding the revocation of his probation. However, a defendant does not have a right to counsel at a revocation hearing, unless the circuit court determines that appointment of counsel is necessary because “the issues relevant to the hearing are complex or difficult to develop.” Smith v. State, 94 So.3d 335, 341 (¶ 18) (Miss.Ct.App.2011) (citation omitted). The matter at issue here — whether Holder provided an address that he knew to be false on his sex-offender-registry form — was not complex. Holder admitted that he provided his former address on the form. Furthermore, the State found that Holder gave false information regarding his temporary address at the motel. We fail to see how the presence of counsel would have affected the outcome of the hearing.
¶ 13. Accordingly, we affirm the circuit court’s denial of Holder’s PCR motion.
¶ 14. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED.
*889 ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.

. Mississippi Code Annotated section 45-33-33(l)(a) states:
The failure of an offender to personally appear at a Department of Public Safety Driver’s License Station or to provide any registration or other information, including, but not limited to, initial registration, reregistration or change of address information, change of employment, change of name or required notification to a volunteer organization, as required by this chapter, is a violation of the law. Additionally, forgery of information or submission of information under false pretenses is also a violation of the law.
(Emphasis added).

. Although the original appellate record did not contain transcripts, this Court issued an order on August 21, 2013, requesting a transcript of the revocation hearing. A copy of that transcript and the plea hearing transcript were thereafter provided.