# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01698-COA

JAMES RATCLIFF A/K/A JAMES EDWARD RATCLIFF A/K/A JAMES E. RATCLIFF A/K/A EDDIE RANKIN                                                  APPELLANT

v.

STATE OF MISSISSIPPI                                                                APPELLEE

DATE OF JUDGMENT:            11/18/2014
TRIAL JUDGE:                 HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:   FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      JAMES RATCLIFF (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:          CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:     MOTION FOR POSTCONVICTION RELIEF
                             DENIED
DISPOSITION:                 AFFIRMED - 11/08/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE ISHEE, P.J., CARLTON AND JAMES, JJ.**

**ISHEE, P.J., FOR THE COURT:**

¶1.     James Ratcliff pleaded guilty to possession of cocaine with intent to distribute. The Forrest County Circuit Court sentenced him to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with twenty-five years suspended and five years to serve. The sentencing order contained a banishment clause, as a condition of Ratcliff's suspended sentence, in which he was to "remain outside . . . Forrest County, Perry County[,] and Lamar County . . . for the entire period of his suspended sentence."

¶2.     After filing two unsuccessful motions for postconviction relief (PCR), Ratcliff filed a third PCR motion in December 2011. The circuit court dismissed Ratcliff's third PCR

motion as a successive writ. On appeal, Ratcliff argued that the banishment clause was illegal. In September 2013, this Court reversed the circuit court's judgment and remanded the case, so the circuit court could "determine whether Ratcliff's banishment [was] legally viable." *Ratcliff v. State*, 120 So. 3d 1058, 1059 (¶6) (Miss. Ct. App. 2013).

¶3. The circuit court conducted a hearing on March 17, 2014. During the hearing, the circuit court noted that in July 2010, the State filed a petition to revoke Ratcliff's suspended sentence because Ratcliff was "found in Hattiesburg, Mississippi[,] on or about June 11, 2010," in violation of the banishment clause. Ratcliff went before the circuit court for a hearing on the State's revocation petition. The circuit court did not revoke Ratcliff's suspended sentence. Based on the Mississippi Supreme Court's decision in *Mackey v. State*, 37 So. 3d 1161 (Miss. 2010), the circuit court vacated the banishment clause in Ratcliff's sentence.

¶4. Next, the circuit court discussed the fact that during September 2011, Ratcliff's probation officer filed an affidavit alleging that Ratcliff violated the terms of his postrelease supervision based on two misdemeanor shoplifting convictions, and his failure to pay his monthly supervision fees. Ratcliff appeared before the circuit court again on November 16, 2011. The circuit court revoked Ratcliff's suspended sentence and ordered him to serve the previously suspended twenty-five-year term of his sentence.

¶5. During the March 2014 hearing, the circuit court noted that it had not revoked Ratcliff's suspended sentence based on the previously vacated banishment clause. Instead, the circuit court clarified that it revoked Ratcliff's suspended sentence because he had

2

engaged in criminal activity while he was on postrelease supervision. Ratcliff was adamant that he should not have to serve the balance of his previously suspended sentence. The circuit court entered its final judgment on November 20, 2014. The circuit court reiterated that Ratcliff's suspended "sentence was not revoked based upon the banishment provision of the June 29, 2006 order, but was revoked based upon his violation of [p]ost[r]elease [s]upervision . . . ." Ratcliff appeals.

## STANDARD OF REVIEW

¶6.     An appellate court will "not disturb a trial court's factual findings unless they are found to be clearly erroneous." *Mackey*, 37 So. 3d at 1163 (¶5). But questions of law are reviewed de novo. *Id*.

## ANALYSIS

¶7.     Ratcliff vigorously argues that his case is identical to *Mackey* and *Means v. State*, 43 So. 3d 438 (Miss. 2010). In *Mackey*, 37 So. 3d 1167 (¶24), the supreme court reversed and rendered a "trial court's order revoking [a] suspended sentence *based on a violation of the banishment order . . . .*" (Emphasis added). The supreme court clarified that its decision was not intended "to imply that all banishments are improper or disfavored." Instead, "a trial judge's reasons for ordering banishment – regardless of the size of the geographic area – must be articulated and supported in the record by a factual basis." *Id*.

¶8.     In *Means*, 43 So. 3d at 440 (¶3), the trial court revoked a suspended sentence based on a violation of a banishment clause. The supreme court reversed the trial court's dismissal of the PCR motion and remanded the case to the trial court, so it could determine "whether

3

the banishment comported with the due-process requirements regarding proper banishments . . . ." *Id*. at 447 (¶¶30-31). If the trial court found that the banishment operated as a violation of the right to due process, then the trial court was instructed to "vacate the revocation and reinstate the original, suspended sentence with all the conditions except the banishment." *Id*. at (¶30). It is unclear what happened after the supreme court remanded the case to the circuit court.

¶9. As the circuit court explained to Ratcliff, *Mackey* and *Means* both involved circumstances in which a suspended sentence had been revoked based on violations of banishment clauses. Ratcliff's suspended sentence was not revoked because of the banishment clause; after the supreme court's decision in *Mackey*, the circuit court vacated the banishment clause in Ratcliff's sentence. Instead, Ratcliff's suspended sentence was revoked because he committed two additional crimes while he was on postrelease supervision. All of those events occurred before Ratcliff's previous appeal, but this Court was never fully informed of the complete procedural history of Ratcliff's case. Ratcliff's case is simply not analogous to *Mackey* or *Means*.

¶10. Ratcliff seems to be under the mistaken impression that the circuit court removed the banishment clause in his sentence and *added* a condition that would allow the circuit court to order him to serve the balance of his sentence if he engaged in criminal activity. However, that is simply not the case. When the circuit court sentenced Ratcliff in 2006, it gave him an opportunity to avoid serving the entire thirty-year balance of his sentence. Ratcliff would only have to serve five years if he did not violate the terms of his postrelease supervision, one

4

of which was to refrain from engaging in further criminal activity. The circuit court did not add that provision in 2010 – it existed from the beginning of his sentence. When Ratcliff later engaged in further criminal activity (and failed to pay his monthly supervision fees), the circuit court merely enforced one of the original conditions of Ratcliff's sentence by revoking his suspended sentence. Vacating the banishment clause did not prevent the circuit court from revoking Ratcliff's suspended sentence based on his subsequent criminal activity.

¶11. **THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES AND GREENLEE, JJ., CONCUR. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**