# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01145-COA

**THOMAS HOLDER A/K/A THOMAS L. HOLDER**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/12/2016 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS HOLDER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/21/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WILSON, J., FOR THE COURT:**

¶1.     Thomas Holder pled guilty to touching a child for lustful purposes and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC). However, the entire sentence (save for time served) was suspended subject to Holder's good behavior and compliance with certain conditions. Holder promptly violated one of those conditions by providing a false address on his sex offender registration form. As a result, the circuit court revoked his suspended sentence and ordered him to serve the full sentence in MDOC custody. Holder later filed a motion for post-conviction relief (PCR). The circuit court denied the motion, and this Court affirmed. *Holder v. State*, 137 So. 3d 884 (Miss. Ct.

App. 2013). Holder then filed a second PCR motion. The circuit court denied the motion, and Holder appealed.

¶2. In the present appeal, Holder argues that his "original sentencing to an illegal banishment condition rendered his guilty plea void." This argument refers to a condition of Holder's suspended sentence that required him to "[d]epart from Hattiesburg" and stay at least one hundred miles away from Hattiesburg "for the entire period of his suspended sentence." Holder specifically agreed to this condition in his plea petition.

¶3. Holder's revocation had nothing to do with the "banishment condition." His suspended sentence was revoked because he provided a false address on his sex offender registration form.[1] The banishment condition does not render his guilty plea void. Nor does it affect the order revoking his suspended sentence due to his violation of an unrelated condition. *Ratcliff v. State*, 224 So. 3d 99, 101-02 (¶¶9-10) (Miss. Ct. App. 2016), *cert. denied*, 222 So. 3d 311 (Miss. 2017). Accordingly, the circuit court correctly denied Holder's second PCR motion.

¶4. The dissent would remand the case to the circuit court for findings regarding the validity of the banishment condition.[2] However, the issue is now moot. Upon revocation, the circuit court sentenced Holder to serve the remainder of his sentence in MDOC custody.

---

[1] Holder complied with the banishment condition. He was in Alcorn County, nearly three hundred miles from Hattiesburg, when he provided the false address.

[2] Our Supreme Court has held that a "court may not banish a person convicted of a crime without first explaining, on the record, the reasons for and benefits of the banishment . . . as they relate to the defendant." *Means v. State*, 43 So. 3d 438, 445 (¶24) (Miss. 2010).

In addition, because Holder was "convicted of a sex crime," he is not eligible for parole, earned time, or trusty time. Miss. Code Ann. §§ 47-5-139(1)(d), 47-5-138.1(2)(c), & 47-7-3(1)(b) (Rev. 2015). The banishment condition was a condition of Holder's suspended sentence, but his suspended sentence has now been revoked, and he will serve the remainder of his sentence in MDOC custody. Therefore, the banishment condition has no continuing effect on Holder, and the issue is moot because a ruling in Holder's favor would be of no practical benefit to him. *Hunt v. MDOC*, 217 So. 3d 789, 791 (¶6) (Miss. Ct. App. 2017). We decline to require the circuit judge to adjudicate or make findings on a moot question.

¶5.    **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, GREENLEE AND TINDELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.**

**WESTBROOKS, J., DISSENTING:**

¶6.    I am of the opinion that Holder's original sentence, which included a banishment clause, was illegal and void. Therefore, I respectfully dissent.

¶7.    The majority asserts that "Holder's revocation had nothing to do with the 'banishment condition,'" and that the "banishment condition does not render his guilty plea void." Maj. Op. at (¶3). I agree that Holder's suspended sentence was revoked for reasons entirely unrelated to the banishment clause. However, our Supreme Court has outlined the importance of conducting an on-the-record determination for the necessity and validity of a banishment clause in a sentencing order.

3

In considering the paucity of banishment cases in Mississippi, this Court has expressed serious concerns. Although this Court has not specifically forbidden banishment, prior decisions clearly establish that arbitrary banishment will not be upheld; that is, justification for the banishment must clearly be established in the record.

*Mackey v. State*, 37 So. 3d 1161, 1163 (¶7) (Miss. 2010).

¶8.     I find that we must reverse and remand, because the circuit court did not conduct an "on-the-record explanation for the banishment clause," required by *Means v. State*, 43 So. 3d 438, 446 (¶26) (Miss. 2010), and *Mackey*.

¶9.     The Mississippi Supreme Court has held that "the judge must articulate, on the record, the reasons for and benefits of the banishment." *Id.* "This is because the judge may not restrict the defendant's personal liberty of free movement without following . . . due process . . . ." *Id.* Here, the circuit court's order made no specific factual findings relating the banishment clause to Holder's actions.

¶10.    It is important that circuit courts make factual findings supporting the following factors provided for in *McCreary v. State*, 582 So. 2d 425, 427 (Miss. 1991) (citation omitted):

[T]hat the banishment provision bore a reasonable relationship to the purpose of probation; that the ends of justice and the best interest of the defendant and the public would be served; that public policy was not violated and the rehabilitative purpose of probation was not defeated; and that [the petitioner's] rights under the First, Fifth[,] and Fourteenth Amendments to the United States Constitution were not violated.

¶11.    However, the circuit court merely read the *McCreary* factors in the record, failing to explain specifically how they applied to Holder. When circuit courts impose banishment

4

clauses or provisions as conditions of suspended sentences, they must adhere to the guidelines and factors set forth in *McCreary*. And so, because the circuit court did not state on the record its reasoning for the implementation of the banishment clause, I would find not only that Holder's PCR motion is excepted from the procedural bar, but that his sentence is illegal and void.

¶12. The majority contends that the "issue [regarding the validity of the banishment clause] is now moot." Maj. Op. at (¶4). The majority's compartmentalization of the reasons for the revocation does not negate the fact that the revocation order was a derivative of an illegal sentence as a result of an illegal banishment clause.

¶13. Therefore, respectfully, I dissent.