WILSON, J., FOR THE COURT:
 

 ¶ 1. Thomas Holder pled guilty to touching a child for lustful purposes and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC). However, the entire sentence (save for time served) was suspended subject to Holder's good behavior and compliance with certain conditions. Holder promptly violated one of those conditions by providing a false address on his sex offender registration form. As a result, the circuit court revoked his suspended sentence and ordered him to serve the full sentence in MDOC custody. Holder later filed a motion for post-conviction relief (PCR). The circuit court denied the motion, and this Court affirmed.
 
 Holder v. State
 
 ,
 
 137 So.3d 884
 
 (Miss. Ct. App. 2013). Holder then filed a second PCR motion. The circuit court denied the motion, and Holder appealed.
 

 ¶ 2. In the present appeal, Holder argues that his "original sentencing to an illegal banishment condition rendered his guilty plea void." This argument refers to a condition of Holder's suspended sentence that required him to "[d]epart from Hattiesburg" and stay at least one hundred miles away from Hattiesburg "for the entire period of his suspended sentence." Holder specifically agreed to this condition in his plea petition.
 

 ¶ 3. Holder's revocation had nothing to do with the "banishment condition." His suspended sentence was revoked because he provided a false address on his sex offender registration form.
 
 [1]
 
 The banishment condition does not render his guilty plea void. Nor does it affect the order revoking his suspended sentence due to his violation of an unrelated condition.
 
 Ratcliff v. State
 
 ,
 
 224 So.3d 99
 
 , 101-02 (¶¶ 9-10) (Miss. Ct. App. 2016),
 
 cert. denied
 
 ,
 
 222 So.3d 311
 
 (Miss. 2017). Accordingly, the circuit court correctly denied Holder's second PCR motion.
 

 ¶ 4. The dissent would remand the case to the circuit court for findings regarding the validity of the banishment condition.
 
 [2]
 
 However, the issue is now moot. Upon revocation, the circuit court sentenced Holder to serve the remainder of his sentence in MDOC custody. In addition, because Holder was "convicted of a sex crime," he is not eligible for parole, earned time, or trusty time.
 
 Miss. Code Ann. §§ 47-5-139
 
 (1)(d), 47-5-138.1(2)(c), & 47-7-3(1)(b) (Rev. 2015). The banishment condition was a condition of Holder's suspended sentence, but his suspended sentence has now been revoked, and he will serve the remainder of his sentence in MDOC custody. Therefore, the banishment condition has no continuing effect on Holder, and the issue is moot because a
 ruling in Holder's favor would be of no practical benefit to him.
 
 Hunt v. MDOC
 
 ,
 
 217 So.3d 789
 
 , 791 (¶ 6) (Miss. Ct. App. 2017). We decline to require the circuit judge to adjudicate or make findings on a moot question.
 

 ¶ 5.
 
 AFFIRMED.
 

 LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, GREENLEE AND TINDELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.
 

 Holder complied with the banishment condition. He was in Alcorn County, nearly three hundred miles from Hattiesburg, when he provided the false address.
 

 Our Supreme Court has held that a "court may not banish a person convicted of a crime without first explaining, on the record, the reasons for and benefits of the banishment ... as they relate to the defendant."
 
 Means v. State
 
 ,
 
 43 So.3d 438
 
 , 445 (¶ 24) (Miss. 2010).