WESTBROOKS, J., DISSENTING:
 

 ¶ 6. I am of the opinion that Holder's original sentence, which included a banishment clause, was illegal and void. Therefore, I respectfully dissent.
 

 ¶ 7. The majority asserts that "Holder's revocation had nothing to do with the 'banishment condition,' " and that the "banishment condition does not render his guilty plea void." Maj. Op. at (¶ 3). I agree that Holder's suspended sentence was revoked for reasons entirely unrelated to the banishment clause. However, our Supreme Court has outlined the importance of conducting an on-the-record determination for the necessity and validity of a banishment clause in a sentencing order.
 

 In considering the paucity of banishment cases in Mississippi, this Court has expressed serious concerns. Although this Court has not specifically forbidden banishment, prior decisions clearly establish that arbitrary banishment will not be upheld; that is, justification for the banishment must clearly be established in the record.
 

 Mackey v. State
 
 ,
 
 37 So.3d 1161
 
 , 1163 (¶ 7) (Miss. 2010).
 

 ¶ 8. I find that we must reverse and remand, because the circuit court did not conduct an "on-the-record explanation for the banishment clause," required by
 
 Means v. State
 
 ,
 
 43 So.3d 438
 
 , 446 (¶ 26) (Miss. 2010), and
 
 Mackey.
 

 ¶ 9. The Mississippi Supreme Court has held that "the judge must articulate, on the record, the reasons for and benefits of the banishment."
 

 Id.
 

 "This is because the judge may not restrict the defendant's personal liberty of free movement without following ... due process ...."
 

 Id.
 

 Here, the circuit court's order made no specific factual findings relating the banishment clause to Holder's actions.
 

 ¶ 10. It is important that circuit courts make factual findings supporting the following factors provided for in
 
 McCreary v. State
 
 ,
 
 582 So.2d 425
 
 , 427 (Miss. 1991) (citation omitted):
 

 [T]hat the banishment provision bore a reasonable relationship to the purpose of probation; that the ends of justice and the best interest of the defendant and the public would be served; that public policy was not violated and the rehabilitative purpose of probation was not defeated; and that [the petitioner's] rights under the First, Fifth[,] and Fourteenth Amendments to the United States Constitution were not violated.
 

 ¶ 11. However, the circuit court merely read the
 
 McCreary
 
 factors in the record, failing to explain specifically how they applied to Holder. When circuit courts impose banishment clauses or provisions as conditions of suspended sentences, they must adhere to the guidelines and factors set forth in
 
 McCreary
 
 . And so, because the circuit court did not state on the record its reasoning for the implementation of the banishment clause, I would find not only that Holder's PCR motion is excepted
 from the procedural bar, but that his sentence is illegal and void.
 

 ¶ 12. The majority contends that the "issue [regarding the validity of the banishment clause] is now moot." Maj. Op. at (¶ 4). The majority's compartmentalization of the reasons for the revocation does not negate the fact that the revocation order was a derivative of an illegal sentence as a result of an illegal banishment clause.
 

 ¶ 13. Therefore, respectfully, I dissent.