ISHEE, J.,
for the Court:
¶ 1. In October 2010, Eric LaQuintay Ward was charged in the Grenada County Circuit Court with sexual battery. Ward later pleaded guilty to the charge. Since he was on probation at the time of his arrest and plea, his sentence was enhanced. The circuit court sentenced Ward to thirty years, with eighteen years to serve in the custody of the Mississippi Department of Corrections (MDOC) followed by twelve years of post-release supervision (PRS). Ward then filed several motions requesting post-conviction relief (PCR). The circuit court denied the motions in an order entered in March 2011. Ward filed another PCR motion on May 20, 2011. The circuit court dismissed the motion as a subsequent writ. Ward now appeals. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Ward was charged in Duck Hill, Mississippi with sexual battery of a female in October 2010. Ward pleaded guilty to the charge on the same day. The prosecution advised Ward that it had recom *1070 mended to the circuit court a sentence of thirty years, with eighteen years to serve in the custody of the MDOC, followed by twelve years on PRS. The circuit court accepted the State’s recommendation, and Ward was sentenced accordingly.
¶ 3. After Ward was sentenced, he filed several PCR motions, which the circuit court denied in an order dated March 1, 2011, which the circuit court treated as a PCR motion. Ward subsequently filed another PCR motion titled “Motion for Probable Cause” on May 20, 2011. The circuit court dismissed Ward’s last PCR motion for being barred as a subsequent writ. Aggrieved, Ward appeals the circuit court’s judgment.
DISCUSSION
¶ 4. We review a circuit court’s denial of a PCR motion under a clearly-erroneous standard of review. Holloway v. State, 31 So.3d 656, 657 (¶ 5) (Miss.Ct.App.2010) (citation omitted). Mississippi Code Annotated section 99-39-23(6) (Supp. 2012) applies to successive writs and provides that an issue raised by a prisoner and addressed in a final judgment with specific findings of facts and conclusions of law cannot be raised by the movant again. Any motion filed after entry of the final judgment which asserts the same issue is proeedurally barred as a successive writ.
¶ 5. Here, in the circuit court’s order dismissing Ward’s PCR motion, the court referenced a prior PCR motion filed by Ward in March 2011. The circuit court went on to note Ward’s instant PCR motion was barred as a successive writ. However, since the first PCR motion and the order denying the PCR motion are not before us in the record, this Court is unable to determine whether Ward’s current PCR motion falls within the purview of a successive writ. As such, we will address Ward’s claims on the merits.
¶ 6. While Ward asserts seven issues on appeal, he only asserted the following two issues in the circuit court in his PCR motion: that his guilty plea was not voluntarily and intelligently entered, and as a result, that he received ineffective assistance of counsel. We have held that “issues not raised [in the circuit court] may not be raised on appeal.” Willis v. State, 66 So.3d 740, 743 (¶ 12) (Miss.Ct.App.2011) (citation omitted). As such, we will only review Ward’s claims of an involuntarily, unintelligently entered guilty plea and ineffective assistance of counsel.
¶7. When reviewing the volun-tariness of guilty pleas, an appellate court “will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous.” Walton v. State, 16 So.3d 66, 70 (¶ 8) (Miss.Ct.App.2009) (quoting House v. State, 754 So.2d 1147, 1152 (¶ 24) (Miss.1999)). Additionally, “[t]he burden of proving that a guilty plea [is] involuntary is on the defendant and must be proven by a preponderance of the evidence.” Id. (citation omitted).
¶ 8. Ward’s claim that his guilty plea was not voluntarily or intelligently entered rests on his assertion that he was misinformed as to the maximum and minimum sentences available to him for the crime of sexual battery. He bases this argument upon his guilty-plea petition, which lists the possible sentence as “0 to 3 years[’] imprisonment and/or a fine of $0 (minimum) to $10,000 (maximum).” However, immediately thereafter, the petition also states:
I also know that the sentence is up to the [c]ourt; that the [c]ourt is not required to carry out any understanding made by me and my attorney with the [district [attorney; and further, that the [c]ourt is not required to follow the recommendation of the [district [a]ttor- *1071 ney, if any. The [district [ajttorney ... shall make no recommendations to the [c]ourt concerning my sentence except as follows: 30 years; after serving 18 years to be on post[-]release [supervision] for 12 years.
¶ 9. Furthermore, during the plea hearing, the following dialogue ensued:
The court: Do you understand you could be sentenced anywhere from suspended jail time up to thirty years and be fined no fine up to $10,000?
The defendant: Yes, sir.
The court: And I see the petition says zero to three years, which I believe your attorney forgot to write the zero out there, but he did tell you the maximum was thirty years; is that correct?
The defendant: Yes, sir.
¶ 10. Additionally, Ward acknowledged that he was on probation or parole at the time of his plea. His guilty-plea petition stated that by pleading guilty, his probation or parole may be revoked, resulting in a sentence of an additional fifteen years’ imprisonment that may be consecutive to or in addition to his sentence for sexual battery.
¶ 11. Accordingly, Ward was aware the prosecution would seek the sentence imposed. While the minimum and maximum sentences written on the guilty-plea petition may have been incorrect, the circuit court noted the typographical error, and Ward admitted he understood the possibility of receiving up to thirty years in prison. Moreover, he was aware that any sentence he received could be enhanced by up to fifteen years due to his status as a probationer or a parolee. As such, Ward had full knowledge that he could be sentenced to thirty years in the custody of the MDOC. He was also aware of the prosecution’s recommendation that he serve eighteen years of his sentence in prison and twelve years on PRS. Since Ward was fully informed of the potential sentence he faced by pleading guilty, this issue is without merit.
¶ 12. Finally, Ward bases his claim of ineffective assistance of counsel on his assertion that he was allowed to plead guilty unknowingly and involuntarily. Finding our holding regarding Ward’s guilty-plea claim to be dispositive of his ineffective assistance of counsel claim, all of Ward’s issues are meritless.
¶ 13. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT. JAMES, J„ NOT PARTICIPATING.