ISHEE, J.,
for the Court:
¶ 1. In 2006, James Ratcliff pleaded guilty in the Forrest County Circuit Court to possession of cocaine with intent to distribute. He was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with five years to serve and the remainder of the sentence suspended pending good behavior. Ratcliff later filed pro se motions for post-conviction relief (PCR) in the circuit court on May 22, 2007, and August 3, 2010. The circuit court denied both PCR motions for lack of merit. Ratcliff filed a third pro se PCR motion in the circuit court on December 6, 2011. The circuit court dismissed the PCR motion as being successive-writ barred. Ratcliff now appeals claiming, among other issues, that the circuit court improperly included a banishment clause in his sentencing order. We agree, and reverse and remand this case for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 2. On August 1, 2005, Ratcliff was arrested in Hattiesburg, Mississippi, on the charge of possession of 0.4 grams of cocaine with intent to distribute. In March 2006, Ratcliff was indicted and appointed counsel. Due to Ratcliffs six felony convictions, he was eligible for an enhanced sentence. However, after plea negotiations took place, Ratcliff agreed to execute a petition to enter a guilty plea in exchange for the State’s recommendation that the circuit court not impose the enhanced sentence.
¶ 3. The circuit court accepted the guilty plea in June 2006. The circuit court then sentenced Ratcliff to thirty years in the custody of the MDOC, with five years to serve and the remainder of the sentence suspended pending good behavior — the *1060 same sentence that the State had recommended to the court. Due to Ratcliffs twelve convictions, including six felonies, the circuit court included in the sentencing order a banishment clause. The banishment clause required Ratcliff to remain outside and away from Forrest, Perry, and Lamar Counties in Mississippi for the entirety of his suspended sentence.
¶ 4. After two PCR motions were denied on the merits by the circuit court, Ratcliff filed a third PCR motion in 2011. The circuit court dismissed the third PCR motion due to it being barred as a successive writ. Ratcliff appeals, challenging the application of the successive-writ bar with the claim that he is subject to an illegal sentence due to the banishment clause.
DISCUSSION
¶ 5. We will not disturb a circuit court’s dismissal of a PCR motion unless the decision is found to be clearly erroneous. Williams v. State, 110 So.3d 840, 842 (¶ 11) (Miss.Ct.App.2013) (citation omitted). Questions of law are reviewed de novo. Id. An issue that has been addressed in a final judgment with specific findings of facts and conclusions of law may not be raised again by a PCR movant. See Ward v. State, 107 So.3d 1068, 1070 (¶ 4) (Miss.Ct.App.2013) (citation omitted). Any motion filed after entry of the final judgment and asserting the same issue is procedurally barred as a successive writ, and the movant must show by a preponderance of the evidence that his claims are not barred in order to proceed. See Williams, 110 So.3d at 843 (¶ 13) (citations omitted).
¶ 6. Nonetheless, there are several exceptions to the successive-writ bar. See Carbin v. State, 942 So.2d 231, 233 (¶ 5) (Miss.Ct.App.2006) (citation omitted). “Errors affecting fundamental constitutional rights are excepted from the procedural bar....” Bell v. State, 95 So.3d 760, 763 (¶ 12) (Miss.Ct.App.2012) (citation omitted). Here, Ratcliff asserts this exception on the allegation that he received an illegal sentence; he argues that the circuit court’s inclusion of a banishment clause is illegal. However, circuit courts have the authority of law to include such clauses under certain circumstances. See Cobb v. State, 437 So.2d 1218, 1220 (Miss.1983). These circumstances include cases where banishment is justified by the defendant’s record as well as the best interests of the public and the defendant. See id.
¶ 7. However, the Mississippi Supreme Court has held that a circuit court’s “reasons for ordering banishment ... must be articulated and supported in the record by a factual basis.... ” Mackey v. State, 37 So.3d 1161, 1167 (¶ 23) (Miss.2010). A circuit court must show factual findings supporting the following factors provided for in McCreary v. State, 582 So.2d 425, 427 (Miss.1991) (citation omitted):
[ T]hat the banishment provision bore a reasonable relationship to the purpose of probation; that the ends of justice and the best interest of the defendant and the public would be served; that public policy was not violated and the rehabilitative purpose of probation was not defeated; and that [the petitioner’s] rights under the First, Fifth[,] and Fourteenth Amendments to the United States Constitution were not violated.
It is not enough for a circuit court to merely recite these factors. See Means v. State, 43 So.3d 438, 446 (¶ 26) (Miss.2010) (citation omitted). Rather, “the judge must articulate, on the record, the reasons for and benefits of the banishment.” Id. This on-the-record explanation must show the correlation between the applicable fac *1061 tors and the defendant’s specific circumstances. See id. at 445 (¶ 24).
¶ 8. Here, the circuit court’s order made no specific factual findings relating the banishment clause to Ratcliffs actions. The circuit court read the McCreary factors into the record but failed to show specifically how they apply to Ratcliff.
¶ 9. The record before us shows that Ratcliff has received twelve convictions, including six felonies and several violent crimes, in the areas from which he was banished. Moreover, his criminal history spans thirty-four years, thereby indicating that past forms of rehabilitation and punishment have not deterred his criminal behavior. Ratcliffs long-standing and colorful criminal history in the area may have given the circuit court just cause to impose banishment restrictions on Ratcliffs suspended sentence. Nonetheless, it is the duty of the circuit judge to enunciate such reasoning. However, since no hearing was held on Rat-cliffs present PCR motion, the circuit court has not had the opportunity to explore the propriety of Ratcliffs banishment under the appropriate legal parameters. Since the circuit court did not meet the legal requirements to impose a banishment, Ratcliffs PCR motion is excepted from the procedural bar. As such, we reverse and remand this case to the circuit court for the court to determine whether Ratcliffs banishment is legally viable.
¶10. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION.