# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00243-COA

JEFFERY E. ARNOLD A/K/A JEFFERY                    APPELLANT
EUGENE ARNOLD A/K/A JEFFREY E.
ARNOLD A/K/A JEFF ARNOLD

v.

STATE OF MISSISSIPPI                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/27/2016 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JEFFERY E. ARNOLD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/22/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND GREENLEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. In August 2013, Jeffrey Arnold pleaded guilty in the Rankin County Circuit Court for one count of the sale of alprazolam, and one count of conspiracy to sell hydrocodone and acetaminophen. The circuit court sentenced Arnold to fifteen years in the custody of the Mississippi Department of Corrections (MDOC) for Count I; and a consecutive twenty years in the custody of the MDOC for Count II, with all but one day suspended, followed by five years of postrelease supervision. Arnold was also assessed with various costs and fines.

¶2. In January 2016, Arnold filed a motion for postconviction relief (PCR). The circuit

court dismissed Arnold's motion as a successive writ. Arnold now appeals. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3. On March 21, 2013, Arnold was indicted by a Rankin County grand jury for one count of the sale of alprazolam, a Schedule IV controlled substance under Mississippi law, and one count of conspiracy to sell hydrocodone and acetaminophen, Schedule III controlled substances under Mississippi law.[1]

¶4. On August 4, 2013, Arnold pleaded guilty to both counts of the indictment. The circuit court found that Arnold's pleas of guilty were freely, voluntarily, knowingly, and intelligently made and entered. The circuit court further found that each plea had its own factual basis. Therefore, the circuit court accepted Arnold's plea—adjudicating him guilty on both counts. The circuit court then sentenced Arnold to fifteen years in the custody of the MDOC for Count I; and a consecutive twenty years in the custody of the MDOC for Count II, with all but one day suspended, followed by five years of postrelease supervision. Additionally, Arnold was assessed with costs and fines as to Count I; the minimum fine for Count II was suspended.

¶5. On January 25, 2016, Arnold filed a motion for PCR in the Circuit Court of Rankin County. On January 27, 2016, the circuit court dismissed Arnold's motion as a successive writ. In dismissing Arnold's motion, the circuit court emphasized the fact that Arnold had

_____

[1] Alprazolam is a Schedule IV controlled substance pursuant to Mississippi Code Annotated section 41-29-119 (Rev. 2013); hydrocodone and acetaminophen are Schedule III controlled substances pursuant to Mississippi Code Annotated section 41-29-117 (Rev. 2013).

three previous PCR actions in the circuit court in the matter of this conviction. Also, the circuit court found Arnold's motion to be frivolous, and so the circuit court ordered that at least sixty days of Arnold's accrued earned time were to be forfeited pursuant to Mississippi Code Annotated section 47-5-138(3) (Rev. 2015). Arnold now appeals.

## DISCUSSION

### I. Dismissal of PCR Motion as Successive Writ

¶6. This Court will not disturb a circuit court's dismissal of a PCR motion unless the decision is found to be clearly erroneous. *Williams v. State*, 110 So. 3d 840, 842 (¶11) (Miss. Ct. App. 2013). Questions of law are reviewed de novo. *Id*. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), an order "denying relief . . . is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Rev. 2011). In order to proceed, the movant must show—by a preponderance of the evidence—that his claims are not barred. *Ratcliff v. State*, 120 So. 3d 1058, 1060 (¶5) (Miss. Ct. App. 2013).

¶7. Yet there are exceptions to the successive-writ bar. *Id*. at (¶6). For instance, "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bar . . . ." *Bell v. State*, 95 So. 3d 760, 763 (¶12) (Miss. Ct. App. 2012) (reversed in part) (citation omitted). Also, there is an exception if "there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence . . . ." Miss. Code Ann. § 99-39-23(6).

¶8. In his brief, Arnold argues that the latter exception applies—that there has been an

intervening decision by either the Supreme Court of Mississippi or the United States that would have adversely affected the outcome of his conviction. But in making this argument, Arnold fails to point to any intervening caselaw to support this empty assertion. The record shows that Arnold has filed three previous PCR actions in the same matter. What is more, Arnold has failed to offer any meritorious reasons why the successive-writ bar should not apply. Though he does not rely on them as his vehicle around the procedural bar, Arnold argues that his right against double jeopardy and his right to effective assistance of counsel were violated. It is true that errors that affect fundamental constitutional rights are an exception from the procedural bar, but "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011). Therefore, we find that the circuit court correctly dismissed Arnold's PCR motion as a successive writ. This issue is without merit.

## II.     Double Jeopardy and Ineffective Assistance of Counsel

¶9.      In his motion, Arnold raised two additional issues: first, a violation of his right against double jeopardy and, second, that he received ineffective assistance of counsel. While we find that the motion was barred as a successive writ, because these additional issues arguably implicate Arnold's fundamental rights, we will briefly address each of them in turn. *See Bell*, 95 So. 3d at 763 (¶12).

¶10.     First, Arnold argues that the conviction for one count of the sale of a controlled substance and one count of conspiracy to sell a controlled substance violated his right against double jeopardy. We disagree. The Fifth Amendment to the United States Constitution

4

affords a person a right to not be prosecuted twice for the same offense. U.S. Const. amend. V; *Harden v. State*, 460 So. 2d 1194, 1200 (Miss. 1984). It is well established that the crime of conspiracy does not merge with the crime committed pursuant to the conspiracy. *Norman v. State*, 381 So. 2d 1024, 1028 (Miss. 1980). "[A] conspiracy to commit a crime is different from the crime that is the object of the conspiracy[;] the first necessarily involves joint action while the other does not." *Moore v. State*, 290 So. 2d 603, 605 (Miss. 1974).

¶11. Here, Arnold was charged and tried on two separate counts. He was indicted under Mississippi Code Annotated section 41-29-139 for one count of the sale of alprazolam, a Schedule IV controlled substance, and one count of conspiracy to sell hydrocodone and acetaminophen, Schedule III substances. Indeed, the crime of conspiracy in Count II of the indictment is a separate and distinct crime from the sale of alprazolam charged in Count I. And so, we find that Arnold's right against double jeopardy was not violated by the circuit court's acceptance of his guilty pleas on both counts. This issue is without merit.

¶12. Second, Arnold argues that the circuit court erred in denying postconviction relief on the grounds of ineffective assistance of counsel. Arnold's argument under this issue is closely tied to the issue of double jeopardy—in that Arnold argues that his counsel was ineffective by failing to advise him that the indictment and subsequent conviction would violate his right against double jeopardy. We disagree.

¶13. "An ineffective-assistance claim requires showing: (1) counsel's performance was deficient and (2) prejudice resulted." *Williams*, 110 So. 3d at 844 (¶21) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). According to *Strickland*, there is a strong

presumption that counsel's performance falls within the range of reasonable professional assistance. *Hooghe v. State*, 138 So. 3d 240, 247 (¶31) (Miss. Ct. App. 2014) (citing *Strickland*, 466 U.S. at 687).

¶14. Here, Arnold cannot meet either prong of *Strickland*. As stated above, Arnold's claim of double jeopardy is without merit, and so he cannot meet the first prong of *Strickland*—requiring him to show that his counsel was deficient in some way. There can be little doubt that Arnold's counsel was not deficient by failing to inform him of a double-jeopardy defense where it was inapplicable under the law and facts of his particular case. What is more, Arnold cannot show any harm due to this alleged error. And so, Arnold has failed to meet his burden in proving ineffective assistance of counsel. This issue is also without merit.

## CONCLUSION

¶15. After reviewing the record, we find that Arnold's motion is barred as a successive writ. We further find that the issues raised by Arnold, which arguably implicate fundamental rights, are without merit. Therefore, we affirm the circuit court's summary dismissal of Arnold's motion.

¶16. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**

6