# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01051-COA

**FABIYONNE PEEL A/K/A FABIYONNE K. PEEL**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:              05/10/2017
TRIAL JUDGE:                    HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:   MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                                   BY: GEORGE T. HOLMES
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                                   BY: ABBIE EASON KOONCE
DISTRICT ATTORNEY:           MICHAEL GUEST
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                    AFFIRMED - 03/19/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1.     The Madison County Circuit Court denied Fabiyonne Peel's motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. Peel appeals. He asserts that: (1) the circuit court erred when it limited his cross-examination of Investigator Ready; (2) there was not sufficient evidence to convict Peel of motor-vehicle theft; (3) his motor-vehicle theft conviction violates the Double Jeopardy Clause; and (4) the guilty verdicts were contrary to the weight of the evidence. We affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2. After a report of a burglary with theft of property, Investigator Adrian Ready questioned a man named Pates. Pates had been caught on video using a stolen credit card at a Jackson-area store. Local people had reported the card stolen after their apartment was burglarized. In addition to the credit card, the burglars stole an iPad and a car.

¶3. During questioning, Pates implicated Fabiyonne Peel and three other men in the burglary and theft. Investigator Ready then questioned Pates's girlfriend, who confirmed seeing Peel drive a group to the stolen car and watching the group drive away. With that information, Investigator Ready obtained an arrest warrant for Peel. Upon entering Peel's home, he found Peel hiding under a pile of clothes near the bed. Investigator Ready also found the stolen iPad.

¶4. A grand jury indicted Peel for burglary of a dwelling, conspiracy to commit burglary of a dwelling, motor-vehicle theft, and conspiracy to commit motor-vehicle theft. A Madison County Circuit Court jury acquitted Peel of the charge for conspiracy to commit motor-vehicle theft; however, a mistrial was declared on the remaining counts because the jury could not reach a unanimous decision.

¶5. Several months later, Peel's second trial was held, and a jury found him guilty of burglary of a dwelling, conspiracy to commit burglary of a dwelling, and motor-vehicle theft. The circuit court sentenced Peel as a violent habitual offender to three concurrent terms of life imprisonment in the Mississippi Department of Corrections' custody.

¶6. Peel moved for a JNOV or, in the alternative, a new trial, which the circuit court denied. He appeals, alleging that: (1) the circuit court erred when it limited his cross-

examination of Investigator Ready; (2) there was not sufficient evidence to convict Peel of motor-vehicle theft; (3) his motor-vehicle theft conviction violates the Double Jeopardy Clause; and (4) the guilty verdicts were contrary to the weight of the evidence.

**DISCUSSION**

**I.      Did the circuit court err in limiting Peel's cross-examination of Investigator Ready?**

¶7.      Peel asserts that the circuit court erred when it did not allow him to cross-examine Investigator Ready regarding his interrogation of Peel. Therefore, he requests a new trial.

¶8.      "Regarding the admission or exclusion of evidence, we employ an abuse-of-discretion standard of review." *Robinson v. State*, 248 So. 3d 892, 896 (¶15) (Miss. Ct. App. 2018). "A defendant's failure to contemporaneously object to the admission of evidence at trial, as required by Mississippi Rule of Evidence 103, effectively waives the issue on appeal." *Carter v. State*, 227 So. 3d 416, 421 (¶14) (Miss. Ct. App. 2017).

¶9.      On direct examination of Ready, the State asked if Peel asserted an alibi:

Q.      And did the Defendant try to give you an alibi for that night?
A.      He did.
Q.      Where did he claim he was?
A.      Said he was with his girlfriend . . . .
Q.      For what period of time?
A.      All night.
Q.      In fact did he tell you all weekend?
A.      All weekend.

Peel made no objection. Then, during cross-examination, Peel attempted to question Investigator Ready about the interrogation, and the circuit court limited his line of questioning after objection by the State because it was "hearsay being brought out by the

3

Defendant." This decision was a proper application of our evidentiary law, as "[h]earsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Fullilove v. State*, 101 So. 3d 669, 675 (¶19) (Miss. Ct. App. 2012). But Peel asserts that had the court allowed his questioning of Investigator Ready, the testimony would have shown that Peel told Investigator Ready about where he obtained the iPad and other exculpatory evidence.[1]

¶10.    Peel only asserted that the State got "hearsay evidence in and when our side [did not]." However, Peel failed to contemporaneously state that the prosecution had opened the door or cite Mississippi Rule of Evidence 106, which provides, "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."

¶11.    The circuit court, in its motion in limine ruling, had previously reviewed the interrogation by Investigator Ready and found that it would be excluded as hearsay. Therefore, we find that by not bringing to the court's attention the previous ruling in limine, and then not asserting that the full statement should be admitted under Rule 106, such issue was waived on appeal and is procedurally barred from being asserted as error at the circuit court level. We also note that the circuit court was correct in holding that the contents of the interrogation were hearsay when offered by the defendant and that the circuit court was

---

[1] We also note that prior to the first trial—which ended in a mistrial—the State filed a motion in limine to prohibit Peel from discussing the statement he made during the interrogation. The court granted that motion without objection from Peel.

within its discretion in prohibiting that testimony.

## II. Was there sufficient evidence to convict Peel of motor-vehicle theft?

¶12. Peel asserts that evidence was insufficient to convict him of motor-vehicle theft because he had no prior knowledge of the theft and did not participate or assist in the theft.

¶13. When evaluating the sufficiency of evidence to sustain a conviction, this Court asks, "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. State*, 217 So. 3d 805, 807 (¶5) (Miss. Ct. App. 2017) (citing *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)).

¶14. The State offered much testimonial evidence at trial that indicated Peel was guilty of motor-vehicle theft. The jury heard testimony that Peel drove the group of burglars to the apartment, that Peel was inside of the apartment when the keys were stolen and the car was driven away, and that Peel drove a group following the stolen car and watched that group drive away. Importantly, the jury heard that Peel was present during the entire theft.

¶15. The jury was then instructed:

> The Court instructs the Jury that if you unanimously find from the evidence in this case, beyond a reasonable doubt, that the defendant, Fabiyonne K. Peel, on or about January 10, 2016, in Madison County, Mississippi did:
>
> 1. willfully, unlawfully and feloniously;
> 2. without authority, take possession of or take away a motor vehicle;
> 3. one (1) 2011 Dodge Charger motor vehicle, VIN #2B3CL3CGOBH567324;
> 4. a motor vehicle belonging to Beverly Brown but being driven by Ashley Brown;
> 5. being valued at $5,000 or more but less than $25,000;
> 6. with the intent to permanently or temporarily convert it or to permanently

5

> or temporarily deprive of the owner of possession or ownership; then and in that event, the defendant, Fabiyonne K. Peel, is guilty of motor vehicle theft and it is your sworn duty to so find.

¶16. The jury found the essential elements were met beyond a reasonable doubt. And, after viewing the evidence in the light most favorable to the prosecution, we hold that any rational trier of fact could have found the essential elements of motor-vehicle theft beyond a reasonable doubt.

¶17. Peel's conviction of motor-vehicle theft is supported with sufficient evidence. We therefore find that the circuit court properly denied Peel's JNOV motion.

### III. Did Peel's motor-vehicle theft conviction violate the Double Jeopardy Clause?

¶18. Peel contends that because a jury had already acquitted him of conspiracy to commit motor-vehicle theft, that acquittal precluded any other conviction based on aiding and abetting motor-vehicle theft. He therefore claims that his motor-vehicle theft conviction violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

¶19. "We apply a *de novo* standard of review to claims of double jeopardy." *Kelly v. State*, 80 So. 3d 802, 804 (¶8) (Miss. 2012) (quoting *Boyd v. State*, 977 So. 2d 329, 334 (¶14) (Miss. 2008)). The Double Jeopardy Clause of the Fifth Amendment states: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V; *see Benton v. Maryland*, 395 U.S. 784, 787 (1969) (holding that this right applies to the States through the Fourteenth Amendment); *see also* Miss. Const. art. III § 22 (1890) ("No person's life or liberty shall be twice placed in jeopardy for the same offense;

6

but there must be an actual acquittal or conviction on the merits to bar another prosecution.").

¶20. We typically evaluate claims of double-jeopardy violations using the *Blockburger* test, where the United States Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). But we note that our Court recently wrote that "conspiracy to commit a crime is different from the crime that is the object of the conspiracy; the first necessarily involves joint action while the other does not." *Arnold v. State*, 225 So. 3d 561, 564 (¶10) (Miss. Ct. App. 2017) (quoting *Moore v. State*, 290 So. 2d 603, 605 (Miss. 1974)). Thus, motor-vehicle theft and conspiracy to commit motor-vehicle theft are two distinct crimes that stem from two distinct statutory provisions.

¶21. But Peel asserts a collateral-estoppel argument beyond *Blockburger*. He claims that his acquittal on the charge of conspiracy necessarily reflects a determination that he did not aid and abet the theft of the motor vehicle. But there are differences between the crime of conspiracy and the crime of aiding and abetting. The United States Supreme Court observed in *Iannelli v. United States*, 420 U.S. 770, 777 n.10 (1975), that an "agreement remains the essential element of the crime [of conspiracy][] and serves to distinguish conspiracy from aiding and abetting[,] which, although often based on agreement, does not require proof of that fact . . . ." "Aiding, abetting, and counseling are not terms [that] presuppose the existence of an agreement. Those terms have a broader application, making the defendant a principal

7

when he consciously shares in a criminal act, regardless of the existence of a conspiracy." *Pereira v. United States*, 347 U.S. 1, 11 (1954). This is a valid distinction between conspiracy and aiding and abetting, and it is relevant to the facts of this case and Peel's double-jeopardy argument.

¶22.    And that double-jeopardy argument is based on *Ashe v. Swenson*, 397 U.S. 436 (1970), where the defendant was prosecuted and acquitted for robbery of one of six victims. *Id.* at 439. The prosecutor then attempted to try the defendant for robbing a different victim. *Id.* at 440. But the United States Supreme Court held that, despite entailing a different victim, the second prosecution was barred by collateral estoppel because the first acquittal was based on the factual determination that the defendant was not the perpetrator. *Id.* at 445. The ultimate test here is "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration" in subsequent prosecution. *Id.* at 444.

¶23.    The record indicates that one of Peel's co-defendants spontaneously decided to steal the motor vehicle only after he happened upon its keys during the burglary. A rational jury could have found that Peel never agreed to enter into a conspiracy to accomplish this unplanned motor-vehicle theft. However, a rational jury could also have found that Peel "consciously share[d] in [the] criminal act, regardless of the existence of a conspiracy." *Pereira*, 347 U.S. at 11.

¶24.    Therefore, there is no double-jeopardy violation, and we affirm the circuit court's judgment.

8

**IV.    Were the guilty verdicts contrary to the weight of the evidence?**

¶25.    Peel claims that the guilty verdicts were contrary to the weight of the evidence because Pates's testimony is "snitch testimony," and, therefore, it cannot be trusted. Only Pates placed Peel at the apartment, thus, Peel characterizes this as a miscarriage of justice.

¶26.    When reviewing a challenge to the weight of the evidence, we will disturb a jury verdict only if "it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Little v. State*, 233 So. 3d 288, 291 (¶21) (Miss. 2017). This Court reviews the evidence in the light most favorable to the verdict. *Roberts v. State*, 229 So. 3d 1060, 1068 (¶29) (Miss. Ct. App. 2017).

¶27.    In general, uncorroborated accomplice testimony is sufficient to convict a defendant. *Grossley v. State*, 127 So. 3d 1143, 1148 (¶14) (Miss. Ct. App. 2013) (citing *Osborne v. State*, 54 So. 3d 841, 846 (¶22) (Miss. 2011)). But this premise "is inapplicable in those cases where the testimony is unreasonable, self-contradictory or substantially impeached." *Id.* Other evidence supported Pates's testimony—and ultimately Peel's guilty verdict—including a recorded telephone call from jail, Peel's cell phone records that placed him near the apartment around the time of the burglary, and the police having located the stolen iPad at Peel's house.

¶28.    Finding that the verdicts were not so contrary to the overwhelming weight of the evidence that to allow them to stand would sanction an unconscionable injustice, we affirm the circuit court's judgment.

**CONCLUSION**

¶29. We find that: (1) the circuit court did not err when it limited Peel's cross-examination of Investigator Ready; (2) there was sufficient evidence to convict Peel of motor-vehicle theft; (3) Peel's motor-vehicle theft conviction does not violate the Double Jeopardy Clause; and (4) the guilty verdicts were not contrary to the weight of the evidence. Thus, we affirm the circuit court's judgment.

¶30. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., TINDELL, LAWRENCE AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY McDONALD AND McCARTY, JJ.**

**WESTBROOKS, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶31. I concur in part with the majority because I do not contest that Peel is guilty of conspiracy to commit burglary of a dwelling, burglary of a dwelling, or that his double jeopardy rights were not violated. However, I respectfully dissent in part because I do not believe that there was sufficient evidence to convict Peel of motor-vehicle theft. Because I believe the evidence was insufficient, I would reverse and render a judgment in Peel's favor on that count. The Mississippi Supreme Court stated that:

> When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidence—not just that supporting the case for the prosecution—in the light most consistent with the verdict. We give prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record

10

substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb.

*Naylor v. State*, 730 So. 2d 561, 565 (¶25) (Miss. 1998) (citing *McFee v. State*, 511 So. 2d 130, 133-34 (Miss. 1987)); *Gavin v. State*, 473 So. 2d 952, 956 (Miss. 1985); *May v. State*, 460 So. 2d 778, 781 (Miss. 1984)).

¶32. Here, Peel was convicted of motor-vehicle theft in violation of Mississippi Code Annotated section 97-17-47(1) (Rev. 2015), which provides in relevant part:

> Any person who shall, willfully and without authority, take possession of or take away a motor vehicle of any value belonging to another, with intent to either permanently or temporarily convert it or to permanently or temporarily deprive the owner of possession or ownership, and any person who knowingly shall aid and abet in the taking possession or taking away of the motor vehicle, shall be guilty of larceny . . . .

¶33. The record revealed that Amonteel Pates was the only person placing Peel at the apartment at the time of the incident. According to Pates's testimony, he discussed plans to get inside the apartment with Michael Tillman and Stephanie Mejia. Pates testified that Peel never made plans to go inside the apartment. He did not discuss it with him. Pates also testified that Peel went inside the apartment with Tillman, "YP," and Eubanks. Pates testified that Tillman came out of the apartment first with a "wallet pack" and some keys. Tillman then got inside the Dodge Charger and drove off. Peel was never in possession of the keys or the vehicle itself. There was no evidence that Peel was aware that Tillman took the keys or saw him drive off in the car. There was no evidence that Peel had any knowledge that the keys belonged to the Dodge Charger or to whom the vehicle belonged. The evidence

11

was insufficient to find Peel guilty of taking possession of or taking away the motor vehicle of another. The majority correctly points to the fact that the jury heard about Peel's presence during the burglary, but, the Mississippi Supreme Court has held that:

> To aid and abet the commission of a felony, one must do something that will incite, encourage, or assist the actual perpetrator in the commission of the crime or participate in the design of the felony. Mere presence, even with the intent of assisting in the crime, is insufficient unless the *intention to assist was in some way communicated to the principal*. Furthermore, proof that one has stood by at the commission of a crime without taking any steps to prevent it does not alone indicate such participation or combination in the wrong done as to show criminal liability, although he approve of the act.

*Hughes v. State*, 983 So. 2d 270, 276 (¶14) (Miss. 2008) (internal quotation marks omitted) (emphasis added). Pates's testimony confirms that Peel did not participate in the theft of the Dodge Charger. His testimony also confirms that Peel did not communicate any intention to assist in the theft of the motor vehicle. The facts clearly show that Peel was only merely present during the commission of the motor-vehicle theft and not an active participant.

¶34. Due to the foregoing reasons, I do not believe that Peel can be guilty of motor-vehicle theft considering that he was not the individual who stole the keys nor was he the person who drove the vehicle away from the dwelling.

**McDONALD AND McCARTY, JJ., JOIN THIS OPINION.**